JOEL SIEGAL [SBN: 117044]
**SIEGAL & RICHARDSON, LLP**
436 14th Street, Suite 1106
Oakland, California 94612
Telephone: (510)271-6720
Facsimile: (510) 500-9512
Email: joelsiegal@yahoo.com

Cole Carlson
FL Bar. No: 112863 (admitted *pro hac vice*)
**Carlson IP Law, LLC**
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email: cole@carlsoniplaw.com

**Attorney for Defendants**
Federal Government Advisors LLC and
FGA Powered by GovConnect, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GARY DARTEZ and TAMISHA LATIMORE, | Case No. 3:24-cv-03132-TLT |
| Plaintiffs, | **DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| vs. | Date: January 14, 2025 |
| FEDERAL GOVERNMENT ADVISORS LLC and FGA POWERED BY GOVCONNECT, LLC, | Time: 2:00 p.m. |
| Defendants. | |

**TABLE OF CONTENTS**

NOTICE OF MOTION ...................................................................................................................1

ISSUES TO BE DECIDED ...........................................................................................................1

MEMORANDUM OF AUTHORITY ...........................................................................................1

I.    BACKGROUND ...................................................................................................................1

   a.   Factual Background ......................................................................................................2

   b.   The Motion to Dismiss ..................................................................................................3

II.   LEGAL STANDARD ...........................................................................................................4

   a.   Entitlement to Attorney's Fees .....................................................................................4

     i.    Prevailing Party Standard .........................................................................................5

     ii.   Statutory Basis ..........................................................................................................5

   b.   Reasonableness of Fees .................................................................................................7

III.  ENTITLEMENT .....................................................................................................................8

   a.   Defendants are Prevailing Parties under the Copyright Act .........................................8

     i.    17 U.S.C. § 505 Applies ...........................................................................................8

     ii.   All Claims Were Dismissed with Prejudice .............................................................9

   b.   Defendants are Entitled to Attorneys Fees Under the Copyright Act ..........................9

     i.    Frivolousness .............................................................................................................9

     ii.   Motivation ...............................................................................................................10

     iii.  Objective Unreasonableness ...................................................................................10

     iv.   Deterrence ...............................................................................................................11

     v.    Degree of Success Obtained ...................................................................................11

     vi.   Purposes of the Copyright Act ................................................................................12

     vii.  Burden .....................................................................................................................12

IV.   LODESTAR VALUE ..........................................................................................................13

   a.   Reasonable Hourly Rates ............................................................................................14

   b.   Reasonable Number of Hours .....................................................................................15

   c.   Lodestar Calculation ...................................................................................................16

V.    INTEREST ...........................................................................................................................16

VI.   CONCLUSION ....................................................................................................................16

**TABLE OF AUTHORITIES**

*Actuate Corp. v. Aon Corp.*, 2012 WL 3627595, at *2 (N.D. Cal. Aug. 21, 2012)....................12

*Amedee v. CitiMortgage, Inc.*, 2016 U.S. Dist. LEXIS 35548 (N.D. Cal. Mar. 18, 2016) ..........9

*Atl. Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 U.S. Dist. LEXIS 48357, 2008

   WL 2536834, at *3 (D. Or. June 24, 2008)................................................................................7

*Autodesk, Inc. v. Flores*, 2011 WL 337836, at *10 (N.D. Cal. Jan. 31, 2011) ...........................16

*Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ..................................................................14

*Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) ................................................................9

*Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ................14

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598,

   605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ........................................................................5

*Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009)..................................................................5

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied,*

   *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987)......................................................14

*Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) .............................................8

*Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-cv-01842-JST, 2014 U.S. Dist. LEXIS

   155438, at *15 (N.D. Cal. Nov. 2, 2014) ................................................................................11

*City of Inglewood v. Teixeira*, 2015 WL 6146269, at *1 (C.D. Cal. Oct. 8, 2015) .....................7

*Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1149 (9th Cir. 2018) ........................................6

*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129, 40 L. Ed. 2d 703,

   94 S. Ct. 2157 (1974) ..................................................................................................................4

*Facebook, Inc. v. Holper*, 2022 WL 17167958, at *15 (N.D. Cal. Sept. 27, 2022), *report and*

   *recommendation adopted as modified*, 2022 WL 17169836 (N.D. Cal. Nov. 22, 2022) .......14

*Fischer v. SJB—P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) .................................................7

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455(1994) ........5, 6

*Fox Broad. Co. Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013) ...................10

*Free Stream Media Corp. v. Alphonso Inc.*, No. 17-cv-02107-RS, 2019 U.S. Dist. LEXIS 169491, at *9 (N.D. Cal. June 3, 2019)..........................................................................................5

*Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) ........................................................13

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ..........................................15

*Greg Young Publishing, Inc. v. Zazzle*, No. 216CV04587SVWKSX, 2020 WL 3871451, at *7 (C.D. Cal. July 9, 2020) ...............................................................................................................9

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ..........7, 8, 13

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) ...............................................................................................................................4

*Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994) ...................................................................12

*Johnson v. Storix, Inc.*, 2016 WL 4399317, at *7 (S.D. Cal. Aug. 17, 2016) ..............................7

*Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003)..................................................9

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1983 (2016).......................................6, 10

*Lewis v. Activision Blizzard, Inc.*, 2014 WL 4953770, at *4 (N.D. Cal. Sept. 25, 2014).............7

*Livingston v. Morgan*, 2006 WL 8459602, at *3 (N.D. Cal. July 31, 2006)...............................10

*Mattel, Inc. v. MGA Entm't, Inc.*, 705 F3d 1108, 1111 (9th Cir. 2013) ....................................12

*Metcalf v. Bochco*, 200 Fed. App'x. 635, 641 (9th Cir. 2006) ....................................................11

*Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003) .................................................................5

*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022 U.S. Dist. LEXIS 78328, 2022 WL 1289048, at *8 (N.D. Cal. Apr. 29, 2022)..................................................................15

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ........................................15

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).............................................................................9

No. 22-cv-02488-TSH, 2023 U.S. Dist. LEXIS 71066, at *26-*27 (N.D. Cal. Mar. 23, 2023) 15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555, 134 S. Ct. 1749, 188

   L. Ed. 2d 816 (2014) ...............................................................................................................4

*Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 696 (9th Cir. 2015)...............................7

*Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008).......................5

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct.

   3088, 92 L. Ed. 2d 439 (1986) ...............................................................................................7

*Perfect 10 Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017).........................................6

*Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015) ....7

*Recouvreur v. Carreon*, 940 F. Supp. 2d 1063 (N.D. Cal. 2013) ................................................15

*Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*, 2020 U.S. Dist. LEXIS 227579, 2020 WL

   7048307, at *9 (N.D. Cal. May 13, 2020), *report and recommendation adopted*, 2020 U.S.

   Dist. LEXIS 227586, 2020 WL 7050026 (N.D. Cal. June 22, 2020) .....................................15

*Shame On You Prods. V. Banks*, 893 F.3d 661, 668 (9th Cir. 2018)..........................................11

*Shame on You Prods., Inc. v. Banks*, 2016 WL 5929245 at *11 (C.D. Cal. Aug. 15, 2016)......12

*SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) .........................12

*Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) .....9

*Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) ...............................16

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018).....................................8

**Statutes**

17 U.S.C. § 505.......................................................................................................................5, 9

**Rules**

Civil Local Rule 7-3(a) ...............................................................................................................3

L.R. 54-5(a).................................................................................................................................5

**Regulations**

37 C.F.R. § 202.1 ........................................................................................................................ 10

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 14, 2025, at 2:00 p.m., before the Honorable Trina L. Thompson of the United States District Court of the Northern District of California, Defendants will move the Court, pursuant to Federal Rule of Civil Procedure 54(d) and 17 U.S.C. §505, to grant Defendants their attorneys fees as the prevailing party. The grounds for this motion are set forth below.

## ISSUES TO BE DECIDED

1. Whether Defendants are entitled to their attorneys' fees as the prevailing party.

2. What amount of attorneys fees should Defendants be awarded.

## MEMORANDUM OF AUTHORITY

Defendants Federal Government Advisors LLC and FGA Powered by GovConnect LLC (collectively "Defendants") hereby move for their attorneys' fees as the prevailing parties in this case. Due to Plaintiff's malicious misuse of the court system, Defendants have been harmed. In addition, the public policy behind the Copyright Act's attorneys fees provision merits granting Defendants' attorneys' fees.

### I.    BACKGROUND

It appears as if Plaintiffs brought this suit seeking a payday. After being provided with the services they were contracted for that were related to a bid for a federal contract and then not being able to provide the information needed to be successful with that bid, Plaintiffs decided it would be easier to go after the company working to help them get the job. Plaintiffs brought baseless claims of about breach of contract, a non-existent data breach, an unprovable forgery claim, and, most importantly, alleged copyright infringement of Plaintiff Tamisha Latimore's name. As a result, Defendants were forced to defend themselves across the country in California

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT

when the case should have been brought in Florida in the first place due to the arbitration provision in the agreement that Plaintiff Dartez admitted was entered into willingly.

### a. Factual Background

Plaintiffs and Defendants entered into an agreement on February 29, 2024, after a services agreement (the "Services Agreement") was entered into by the payment of $6,500 and electronic signature of Plaintiff Tamisha Latimore who is an investor in Plaintiff Dartez's business, (Dkt. 1) at ¶ 47; (Dkt. 35-1) at pp 1-8. After making this payment, Plaintiff Dartez began working with Defendants' employees in accordance with the terms of the agreement for several months until Plaintiff Dartez emailed the CEO of FGA demanding a refund on April 16, 2024. (Dkt. 1) at ¶¶ 21-30.

Shortly after, Defendants received two pieces of correspondence from Defendant Tamisha Latimore. The first, on April 30, 2024, attached a fee schedule and stated that "[u]nauthorized use of my copywritten name and any derivatives of the name without my expressed written consent is an assessment of $1,000,000 (one million)." (Dkt. 35-1) at pp. 27-31. Following the April 30 correspondence, Defendants received further correspondence on May 3 or May 16, 2024[1], including an invoice for the amount of $1,500,000.00 for "Usage of the Name" along with "Forgery," "Mental Anguish Abuse," and "Emotional Distress." *Id.* at p. 33. The May 16 correspondence also included a "Statement of Procedure" wherein Plaintiffs claim to provide a "Copyright Infringement Notification" with the following two statements:

> (1)     I hereby state that I have a good-faith belief that the disputed use of the copyrighted material is not authorized by the copyright owner, its agent, or the law (e.g. as a fair use).
>
> (2)     I hereby state that the information in this notification is accurate and, under the penalty of perjury, that I am the owner, or

---

[1] It is unclear when the correspondence was sent as multiple pages of the document have different dates. In any sense, however, the correspondence was sent before Plaintiffs filed their Complaint.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT

-2-

authorized to act on behalf of the owner, of the copyright, or of an exclusive right under the copyright that is allegedly infringed.

*Id.* at p. 36. Plaintiff Tamisha Latimore does not own a copyright registration.

Plaintiffs filed suit on May 23, 2024. (Dkt. 1). This Court granted Plaintiff Tamisha Latimore's application to proceed *in forma pauperis* on June 11, 2024, (Dkt. 10) but denied Plaintiff Gary Dartez's application to proceed *in forma pauperis*. (Dkt. 9). Defendants heavily question the veracity of Plaintiff Tamisha Latimore's application based on searches performed at the outset of this case but given no discovery was performed prior to dismissal, Defendants cannot confirm whether the information in the application is true or not.

### b. The Motion to Dismiss

Defendants filed their Motion to Dismiss on August 8, 2024, alleging improper venue, insufficient process, and failure to state a claim or, alternatively, to transfer the case pursuant to 28 U.S.C. § 1404. (Dkt. 35). Plaintiffs failed to respond despite the fact that a response needed to be filed by August 22, 2024. Civil Local Rule 7-3(a). A hearing was scheduled for October 15, 2024, for which Defendant's counsel booked a plane ticket and began preparation. The Court issued an Order to Show Cause on October 8, 2024, because Plaintiffs had failed to respond to the Motion to Dismiss and gave Plaintiffs two options: either file a response by October 10 (49 days after the original response was due) or file a response explaining why the opposition was not timely filed. (Dkt. 48) at 1. Plaintiffs chose option two.

In their response to the Order to Show Cause, Plaintiffs claimed "error" in the form of a "mistakenly submitted" motion related to compelling Defendants to disclose interested parties, which has nothing to do with the Motion to Dismiss. (Dkt. 49) at 1. In addition, Plaintiffs claimed that there was "new evidence" and "the need to request a preliminary injunction" without any discussion about the allegedly new evidence or the basis for the preliminary injunction. *Id.* at 1-

2. Further, despite the <u>repeated</u> urging from the Court, Plaintiffs "reserve[d] the right to obtain counsel in the future" notwithstanding the clear issues they were facing concerning the Motion to Dismiss. *Id.* at 2. Plaintiffs then requested an additional two days to respond to the Motion to Dismiss, essentially asking the Court for 51 days to respond as opposed to the required 14 days. *Id.* The Court then determined that Plaintiffs lacked good cause for not responding to the Motion to Dismiss and then, based on the Court's review of the Complaint, the Motion to Dismiss, and the filings in the case, granted Defendants' Motion to Dismiss and dismissed the case with prejudice. (Dkt. 50).

## II.   LEGAL STANDARD

### a.   Entitlement to Attorney's Fees

Federal Rule of Civil Procedure 54(d) states that claims for attorney's fees "must be made by motion" and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." An award of attorneys' fees to a prevailing party is proper if (1) authorized by statute or (2) the court finds that the losing party has acted in bad faith. *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Under the bad faith exception to the American Rule, attorneys' fees may be awarded in the case of vexatious, wanton or oppressive conduct. *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129, 40 L. Ed. 2d 703, 94 S. Ct. 2157 (1974).

A court need not find bad faith in order to award attorney fees; "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine run cases to warrant a fee award." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014). "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* at 554 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,

534, 114 S. Ct. 1023, 127 L. Ed. 2d 455(1994)); *see also Free Stream Media Corp. v. Alphonso Inc.*, No. 17-cv-02107-RS, 2019 U.S. Dist. LEXIS 169491, at *9 (N.D. Cal. June 3, 2019) (discussing fee shifting in the context of the more stringent Patent Act).

### i. Prevailing Party Standard

A "prevailing party" is the beneficiary of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). "The key inquiry is whether some court action has created a 'material alteration of the legal relationship of the parties.'" *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604); *see also id.* at 1149 ("[W]e hold the material alteration test the Supreme Court articulated in *Buckhannon* governs the prevailing party inquiry under § 505 of the Copyright Act[.]"). A litigant must "receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon*, 532 U.S. at 603 (internal citation omitted). A plaintiff's dismissal of a claim does not automatically "confer prevailing party status upon the defendant," if the defendant remains at risk of plaintiff re-filing the claim. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). However, if a plaintiff is unable to re-file the dismissed claim in federal court, the defendant is the "prevailing party" on that claim. *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003). "Involuntary [d]ismissal . . . operates as an adjudication on the merits[.]" Fed. R. Civ. P. 41(b). Filing an appeal from the judgment does not extent the time for filing a motion for attorneys fees. Civil Local Rule 54-5(a).

### ii. Statutory Basis

17 U.S.C. § 505 states that a district court "may . . . award a reasonable attorney's fee to the prevailing party." In *Fogerty v. Fantasy, Inc.*, 510 U. S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994), the Supreme Court recognized the broad leeway §505 gives to district courts—but

also established several principles and criteria to guide their decisions. *See id.,* at 519, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (asking "what standards should inform" the exercise of the trial court's authority). The statutory language "clearly connotes discretion," and eschews any "precise rule or formula" for awarding fees. *Id.,* at 533, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455. Attorney's fees are not awarded as matter of course but a court must make a more particularized, case-by-case assessment. *Id.,* at 533, 114 S. Ct. 1023, 127 L. Ed. 2d 455. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.,* at 527, 114 S. Ct. 1023, 127 L. Ed. 2d 455.

There are "several nonexclusive factors" to inform a court's fee-shifting decisions: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, at 534, n. 19, 114 S. Ct. 1023, 127 L. Ed. 2d 455. The Supreme Court has further explained these additional factors noting that the objective unreasonableness of a losing party's litigating position carries "substantial weight." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1983 (2016). Deterrence should also be heavily considered so to deter aggressive litigants "without a reasonable factual basis" while, at the same time, "encouraging defendants with valid defenses to defend their rights." *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1149 (9th Cir. 2018). The Ninth Circuit has added the following considerations: "the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Perfect 10 Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (citations omitted). These factors may be considered but are not exclusive and need not all be met. *Fogerty*, 94 F.3d at 556.

Courts routinely award prevailing defendants costs and fees under the Copyright Act. *See generally Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 696 (9th Cir. 2015), *cert. dismissed*, 136 S. Ct. 445, 193 L. Ed. 2d 345 (2015); *Johnson v. Storix, Inc.*, No. 3:14-CV-1873-H-BLM, 2016 U.S. Dist. LEXIS 110278, 2016 WL 4399317, at *7 (S.D. Cal. Aug. 17, 2016) (awarding defendant fees even when plaintiff's copyright case was non-frivolous); *City of Inglewood v. Teixeira*, No. CV1501815MWFMRWX, 2015 U.S. Dist. LEXIS 143380, 2015 WL 6146269, at *1 (C.D. Cal. Oct. 8, 2015) (awarding prevailing defendant's pro bono counsel $117,741 for defending an objectively unreasonable claim); *Lewis v. Activision Blizzard, Inc.*, No. C 12-1096 CW, 2014 U.S. Dist. LEXIS 135889, 2014 WL 4953770, at *4 (N.D. Cal. Sept. 25, 2014) (finding $152,104.50 reasonably expended by defendant on an objectively unreasonable copyright claim, but reducing the award in view of plaintiff's relative poverty); *Atl. Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 U.S. Dist. LEXIS 48357, 2008 WL 2536834, at *3 (D. Or. June 24, 2008) (awarding $103,175 to a prevailing defendant in an Internet file sharing copyright case). Finally, "in copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015) (internal citation omitted).

### b. Reasonableness of Fees

The reasonableness of fees is determined using the "lodestar" method, in which the Court multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Fischer v. SJB—P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) (recognizing that the lodestar figure carries a "strong presumption" of reasonableness). "This

calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley*, 461 U.S. at 436-37.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citation omitted). "[D]istrict courts have a duty to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal quotation marks and citations omitted). "Rather, a district court must ensure that the winning attorneys have exercised billing judgment." *Id.* (internal quotation marks omitted).

## III.    ENTITLEMENT

### a.    Defendants are Prevailing Parties under the Copyright Act

#### i.   17 U.S.C. § 505 Applies

First off, this case was brought under the Copyright Act. Despite *pro se* Plaintiffs citing to a California Penal Code provision, it is very clear that Plaintiffs were attempting to invoke the rights and damages associated with the Copyright Act. Both the April 2024 and May 2024 communications reference a copyrighted work and request payment for copyright infringement. (Dkt 35-1) at pp. 27-33. Plaintiffs also communicated that they were submitting a notice of copyright infringement in accordance with Defendants' copyright policy in the May 2024 correspondence. This notice included affirmative statements of belief that a copyright infringement had occurred. (Dkt. 35-1) at pp. 36-41. In fact, one of the notices provided is titled "**RE: COPYRIGHT INFRINGEMENT NOTICE**." *Id.* at p. 39 (emphasis in original). Thus,

Plaintiffs claim was made as part of a "civil action under" Title 17 such that 17 U.S.C. § 505 should apply.

### ii.  All Claims Were Dismissed with Prejudice

In addition, the Court dismissed all of Plaintiffs' claims <u>with prejudice</u>. (Dkt. No. 50). This operates as an adjudication on the merits especially considering the Court reviewed Plaintiffs' Complaint, Defendants' Motion to Dismiss, and the filings in the case. *See Amedee v. CitiMortgage, Inc.*, 2016 U.S. Dist. LEXIS 35548, at *11 (N.D. Cal. Mar. 18, 2016) ("a final judgment on the merits includes a dismissal with prejudice for failure to state a claim upon which relief can be granted."). As a result, Defendants are clearly a "prevailing party" such that Defendants are entitled to attorneys' fees under the Copyright Act.

### b.  Defendants are Entitled to Attorneys Fees Under the Copyright Act

### i.  Frivolousness

As explained in Defendants' motion to dismiss, utterly and completely failed to state a claim for copyright infringement to such an extent that the claim was frivolous. A frivolous claim is one that "lacks an arguable basis in either law or fact." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). An unsuccessful claim is deemed frivolous where "the result is obvious or the arguments are wholly without merit." *Greg Young Publishing, Inc. v. Zazzle*, No. 216CV04587SVWKSX, 2020 WL 3871451, at *7 (C.D. Cal. July 9, 2020) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003)).

To establish copyright infringement, the plaintiff must demonstrate (1) ownership of a valid copyright and (2) the copying of protectable expression by the defendant. *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). In addition, to state a claim for direct copyright infringement, Plaintiff must demonstrate causation (or volitional conduct). *Fox Broad. Co. Inc.*

*v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013) ("Infringement . . . require[s] that the defendant cause the copying.")  "A complaint for copyright infringement fails to satisfy the requirements of Rule 8(a) if it does not allege the specific copyrighted work that has been infringed." *Livingston v. Morgan*, No. C-06-2389 MMC, 2006 U.S. Dist. LEXIS 110293, 2006 WL 8459602, at *3 (N.D. Cal. July 31, 2006). 37 C.F.R. § 202.1 is very clear that "[w]ords and short phrases such as names, titles, and slogans" are not eligible for copyright protection.

It is clear that the copyright claim was frivolous[2], so this factor weighs in favor of awarding fees.

### ii.  Motivation

The first action taken by Plaintiffs after determining they no longer wanted to work with Defendants was to send an invoice for one million dollars, eventually raising that demand to $1.5 million. (Dkt. 35-1) at 27-33. It is clear that Plaintiffs' motivation from the outset of this case was to get a payday from a company that they thought would not litigate across the country and come to a quick settlement. Plaintiffs did not expect Defendants to mount a defense and were not attempting to protect some artistic endeavor. This factor weighs in favor of Defendants.

### iii.  Objective Unreasonableness

This factor is similar to the frivolousness factor. A non-moving party is unreasonable when the moving party is "clearly correct" such that the non-moving party has no reasonable defense but continues to litigate. *Kirtsaeng* at 1986–87 (emphasis added) (explaining that, in order to deter against prolonged litigation, parties who continue to litigate clearly losing claims are unreasonable). The copyright claim had no place being brought or even alleged in the first

---

[2] Plaintiffs' other claims for breach of contract, data breach, and forgery were likewise frivolous but given the Copyright Statute only awards fees "under this action," no discussion is provided for those claims. If the Court wishes for further briefing on the frivolousness of these claims, Defendants will oblige.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT

place. It was objectively unreasonable to bring such a claim to protection over a person's name. Acting with or without an attorney does not save a claim that, on its face, holds no weight. This factor weighs in favor of fees.

### iv. Deterrence

General deterrence is served by awarding fees against a party who pursued an objectively unreasonable claim. *Shame On You Prods. V. Banks*, 893 F.3d 661, 668 (9th Cir. 2018). "Awarding fees will serve the usual purposes of a fee-shifting statute by deterring future baseless claims and compensating Defendants for the costs of defending against such claims. *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-cv-01842-JST, 2014 U.S. Dist. LEXIS 155438, at *15 (N.D. Cal. Nov. 2, 2014). It is not an abuse of discretion to award fees when there may not be a need for specific deterrence because the purpose of general deterrence is to prevent the litigation of objectively unreasonable claims. *Shame On You Prods.*, 893 F.3d at 668.

Here, in addition to the policy reasoning that awarding fees helps to prevent future litigation of unreasonable claims, it has also been established that Plaintiffs repeatedly disobeyed the Court's orders. As the Court explained in its Order Regarding Failure to Comply, Plaintiffs were referred to the help desk on four separate occasions. (Dkt. 50) at 1. Indeed, the Plaintiffs were not just referred to the help desk but were "**<u>ordered</u>** to seek free legal assistance" on the last two occasions that the Court provided Plaintiffs with the help desk's information. (Dkt. 42) at 1 (emphasis added); *see also* (Dkt. 48) at 1. As a result, the policy aspect of deterrence would be successfully applied should fees be awarded given Plaintiffs' frivolous claims and failure to follow orders from this Court. This factor weighs in favor of granting fees.

### v. Degree of Success Obtained

This factor weighs in favor of the party who "obtained <u>complete</u> success on the merits." *Metcalf v. Bochco*, 200 Fed. App'x. 635, 641 (9th Cir. 2006) (emphasis added). Defendants were

completely successful in this case; as evidenced by the dismissal being with prejudice. This factor favors Defendants.

### vi. Purposes of the Copyright Act

Fees should be awarded when doing so would "further the purposes of the Copyright Act." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F3d 1108, 1111 (9th Cir. 2013). The goal of the Copyright Act is "to promote creativity for the public good." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). A defendant advances the goals of the Copyright Act when they defend against baseless claims. *Shame on You Prods., Inc. v. Banks*, 2016 WL 5929245 at *11 (C.D. Cal. Aug. 15, 2016) ("Awarding fees to Defendants in this case will reward artists and others who defend against meritless claims."); *see also Actuate Corp. v. Aon Corp.*, 2012 WL 3627595 at *2 (N.D. Cal. Aug. 21, 2012) (finding that the defendant's successful defense furthered the Copyright Act's underlying goals). Preventing the "chilling effect" of improper copyright litigation helps to further this purpose. *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

### vii. Burden

It is not burdensome nor chilling to award attorney fees against Plaintiff Dartez as his *in forma pauperis* application was denied. However, Defendant Latimore's *in forma pauperis* application was granted. Defendant Latimore made several statements in that application that are brought into question after some research or, at least, purposely left off of the application.

First, Defendant Latimore filed suit with an *in forma pauperis* application against Discover Bank in 2022 under the Equal Credit Opportunity Act where she admitted that she had a credit card until Discover Bank closed her account. The Complaint and *in forma pauperis* are attached hereto as **Exhibit B**. In her motion to proceed *in forma pauperis* in that matter, Defendant Latimore stated that she was employed until at least December 4, 2021. Ex. B at p. 9. She owned a Nissan Sentra in 2022. *Id.* at p. 10. Defendant Latimore had a bank account and

monthly expenses in 2022. *Id.* She had three credit cards on top of the Discover card. *Id.* None of this information was included in her application for the present case. (Dkt. 3) at p. 2.[3]

It has also been determined that Ms. Latimore is the owner of an active business, "Aveida Homecare," that has an address that is shared with the address used for the credit card that paid for the Agreement in this case, and which has been in business since 2017. Carlson Declaration at ¶¶ 16-18.[4] The first question on the Application to Proceed *In Forma Pauperis* is whether or not the individual is presently employed to which Defendant Latimore replied "No." (Dkt. 3) at 1. Clearly, this representation to the Court was false.

It is respectfully requested that the Court inquire into these discrepancies for purposes of this motion.

## IV.    LODESTAR VALUE

The lodestar value is properly calculated by multiplying the number of hours reasonable expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. In computing the lodestar, the first step is to determine the reasonable hourly rate. Once the hourly rate is set, the Court must next determine the reasonable number of hours expended in the litigation. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

---

[3] Ms. Latimore filed two other lawsuits related to her credit which included an *in forma pauperis* application that included identical information concerning the amount owed on three Navy Federal Credit Cards despite being filed almost a year apart. *See Latimore v. Trans Union Inc.*, Case No. 3:23-cv-00569-JD at (Dkt. 2); *see also Latimore v. Experian Information Sol'ns, Inc.*, Case No. 3:23-cv-00571-AMO at (Dkt. 2).

[4] Defendants initially redacted the residence information from the payment information in its Motion to Dismiss, (Dkt. 35-1) at p. 10, out of privacy concerns but the recent discovery that the address used is the same as what is publicly available removed those concerns.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT
-13-

Defendants respectfully attaches in support of this Motion the Declaration of Cole Carlson, Esq. (the "Carlson Declaration"), attached hereto as **Exhibit A**. In the Carlson Declaration, the undersigned attests to the reasonableness of the number of hours works on this case. As set forth herein and in its supporting documentation, Defendants have established its entitled to an award of its reasonable attorneys' fees in the amount of $10,940.00 based on the reasonable hours at an appropriate hourly rate expended in its defense against Plaintiffs' infringement and contract claims.

### a. Reasonable Hourly Rates

The Court must first determine a reasonable hourly rate. "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896 n.11.

Rates that are far higher than the undersigned are normal in this forum. *See, e.g., Facebook, Inc. v. Holper*, 2022 U.S. Dist. LEXIS 212685, 2022 WL 17167958, at *15 (N.D. Cal. Sept. 27, 2022), *report and recommendation adopted as modified*, 2022 U.S. Dist. LEXIS 211729, 2022 WL 17169836 (N.D. Cal. Nov. 22, 2022) (default judgment in trademark [*26] infringement and breach of contract, plaintiff's attorney fees of $1,165/hour for managing partner with 30 years of experience, $725/hour for a senior associate with significant practice experience,

and $530/hour for second year associate reasonable); *Recouvreur v. Carreon*, 940 F. Supp. 2d 1063 (N.D. Cal. 2013) (approving a rate of $700/hour for plaintiff's attorney with over twenty years' experience in an Lanham Act trademark infringement suit); *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022 U.S. Dist. LEXIS 78328, 2022 WL 1289048, at *8 (N.D. Cal. Apr. 29, 2022) (in a copyright infringement action, anti-SLAPP motion, court granted a blended hourly rate of $587.65 per hour for plaintiff's counsel).

The court in *CNC Software, Ltd. Liab. Co. v. Glob. Eng'g Ltd. Liab. Co.* even found that associates at $300 per hour were at a reasonable hourly rate and collected cases to that effect. No. 22-cv-02488-TSH, 2023 U.S. Dist. LEXIS 71066, at *26-*27 (N.D. Cal. Mar. 23, 2023); *see also, e.g., Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*, 2020 U.S. Dist. LEXIS 227579, 2020 WL 7048307, at *9 (N.D. Cal. May 13, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 227586, 2020 WL 7050026 (N.D. Cal. June 22, 2020) (finding rates of $395 to $450 per hour for plaintiff's counsel was reasonable in copyright action at motion for default stage).

Thus, the undersigned's hourly rate of $300 per hour should be found to be a reasonable hourly rate.

### b. Reasonable Number of Hours

"[A] 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). To determine reasonableness, the Court "should begin with the billing records the prevailing party has submitted." *Gonzalez*, 729 F.3d at 1202. The Ninth Circuit has recently explained that "district courts have a <u>duty</u> to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the numbers of hours expended on the case. Rather, a district court

must ensure that the winning attorneys have exercised billing judgment." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original and quotation marks and citations omitted).

Here, the billing records clearly establish sound billing judgment. *See* Carlson Declaration at Ex. A-1. There are no clerical events in the billing records. The amount of time spent on each activity is reasonable. Getting a litigation dismissed for less than $10,000 is difficult for most attorneys.

Thus, the number of hours expended on this case was reasonable.

### c.  Lodestar Calculation

Based on the reasonableness of the rates and hours, it is respectfully requested that the Court award Defendants attorneys' fees in the amount of $10,940.00.

## V.   INTEREST

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *Autodesk, Inc. v. Flores*, 2011 U.S. Dist. LEXIS 11687, 2011 WL 337836, at *10 (N.D. Cal. Jan. 31, 2011) (awarding post-judgment interest in a default judgment proceeding). Interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). It is respectfully requested that the Court award Defendants any post-judgment interest that accrues pursuant to 28 U.S.C. § 1961(a).

## VI.   CONCLUSION

For the reasons stated above, it is respectfully requests that Defendants be awarded the amount of $10,940.00.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT
-16-

DATED: October 24, 2024                    **SIEGAL & RICHARDSON, LLP**


By: _____
       Joel Siegal
       **Attorney for Defendants**

Additional counsel:
Cole Carlson
FL Bar. No: 112863 (admitted *pro hac vice*)
**Carlson IP Law, LLC**
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email: cole@carlsoniplaw.com


## CERTIFICATE OF SERVICE

I certify that on October 24, 2024, I electronically filed the foregoing DEFENDANTS' MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

Dated: October 24, 2024              By: /s/ Cole Carlson
                                          Cole Carlson

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 3:24-cv-03132-TLT
-17-