**DARTEZ ENTERPRISES LLC**
**GARY DARTEZ**
1503 Macdonald Ave. Suite A101
Richmond, CA 94801
Email: info@dartezenterprises.com
Phone: (510) 906-0444

**TAMISHA LATIMORE**
Email: tamisha.latimore@gmail.com

*PRO SE LITIGANTS*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DARTEZ and TAMISHA LATIMORE, | **Case No. 24-cv-03132-TLT** |
| Plaintiffs. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| FEDERAL GOVERNMENT ADVISORS LLC and FGA POWERED BY GOVCONNECT LLC, | Honorable Trina L. Thompson |
| Defendants. | |

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Plaintiffs' respectfully submit this Opposition to Defendants' Frivolous Motion for Attorneys' Fees: A Serious Matter of Justice and Equity While Combatting Challenging Procedural Abuses and Unfair Tactics.

1

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................6

II. LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES ..........................................7

III. LEGAL BASIS OPPOSING THE AWARD OF ATTORNEYS' FEES ...............................9

   A. The Merits of Plaintiffs' Copyright Claims...........................................................9

    1. Statutory Foundations Under 17 U.S.C. § 106 ...............................................9

    2. General Principles of Common Law.................................................................9

    3. Judicial Precedents Affirming Plaintiffs' Position ........................................10

   B. Plaintiffs' Litigative Conduct and Intent ............................................................11

    1. Good Faith Engagement in Litigation............................................................11

    2. Absence of Malicious Intent ..........................................................................11

   C. Procedural Concerns and Misconduct by Defendants' Counsel..........................11

    1. Inappropriate Conduct Post-Dismissal .........................................................11

    2. Harassment and Attempted Intimidation .......................................................12

    3. Controversial Handling of Court Documents .................................................12

   D. ECF 39 is Remains Unresolved:..........................................................................13

IV. POLICY AND EQUITABLE CONSIDERATIONS ........................................................14

    1. Enhancing the Doctrine of Copyright Protection:...........................................14

    2. Implications for Access to Justice:.................................................................14

    3. Assessment of Defendants' Litigation Tactics:..............................................15

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

4. Strategic Litigation Against Public Participation (SLAPP) ...............................................15

5. Judicial Discretion in Awarding Attorneys' Fee:.................................................................15

V. ANAYLYSIS OF DEFENDANTS' CLAIM FOR FEES.......................................................16

1. Lack of Frivolity:..............................................................................................................16

 Misrepresentation and Procedural Concerns: ......................................................................16

2. Insufficient Grounds for Exceptionality.............................................................................17

3. Judicial Discretion and Equitable Considerations...............................................................17

VI. LEGAL PRECEDENTS SUPPORTING DENIAL OF FEES ............................................18

1. Christian Research Institute v. Alnor .................................................................................18

2. Objective Reasonableness ..................................................................................................18

3. Fairness and Litigation Conduct: .......................................................................................19

4. Encouragement of Good Faith Litigation............................................................................19

5. Incorporating Procedural Context and Defendants' Conduct .............................................19

 Analysis of Procedural Failings...........................................................................................19

 Defendants' Questionable Legal Tactics ..............................................................................19

VII. PRAYER FOR RELIEF...................................................................................................20

VIII.   CONCLUSION...........................................................................................................22

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F. 3d 1004 (9th Cir. 2001)..........................................10

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)..................................................................15

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ..............................................17

*Christian Research Institute v. Alnor*, 573 F.3d 884 (9th Cir. 2009) ........................................18

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).........................................................8

*Fogerty*...................................................................................................................................8

*Fogerty v. Fantasy, Inc.*.........................................................................................................19

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .................................................................. passim

*Goldberg v. Kelly* (397 U.S. 254, 267-271) ..............................................................................7

*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985) ...........................14

*Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013)............................................................8

*Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904 (9th Cir. 2010) ...................................18

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)..........................8, 17

*Religious Technology Center v. Netcom On-Line Communication Services, Inc*.......................10

*Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006) ........................................................................18

**Statutes**

17 U.S.C. § 101.......................................................................................................................14

17 U.S.C. § 106....................................................................................................................9, 16

17 U.S.C. § 505.................................................................................................................. passim

California Civil Code § 425.16..................................................................................................15

Florida Statue § 768.295 .........................................................................................................15

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

**American Bar Association**

American Bar Association's Model of Professional Conduct, particularly Rule 4.4 .................12

**Constitutional Provisions**

Due Process Clause of the Fifth Amendment .................................................................7

**Federal Rules**

5 U.S.C. § 552(a)(1)(E).............................................................................................7

Federal Rules of Civil Procedure Rule 11 ...................................................................21

Federal Rules of Civil Procedure Rule 5(d)(1) ..........................................................6, 7

**Local Rules**

Rule 54-5(a) ............................................................................................................8

**Legal Theories**

Strategic Litigation Against Public Participation (SLAPP)...........................................15

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

## I.      **INTRODUCTION**

Plaintiff Dartez and Plaintiff Latimore respectfully oppose Defendants' Motion for Attorneys' Fees filed by Defendants, Federal Government Advisors LLC and FGA Powered By GovConnect LLC through their Counsel of record. Defendants' Motion is grounded in the statutory provisions of 17 U.S.C. § 505 and the procedural directives of Federal Rule of Civil Procedure 54(d). Plaintiffs initiated this action in the State of California against Florida Defendants based on overwhelming evidence of a breach of contract, fraudulent inducement, a significant security breach, forgery, and copyright infringement, that were thoroughly supported by protective measures within the Copyright Act, Federal Laws, California Laws and Common Laws.

Additionally, the action was supported by extensive judicial interpretations intended to protect intellectual property rights and encourage innovation. Plaintiffs' claims were based on sound legal principles and meticulous analysis. This opposition seeks to demonstrate the reasonableness of Plaintiffs' positions, contest Defendants' assertions of frivolity, and emphasize the importance of vigorously enforcing copyright laws to protect creators' rights, public benefit, and in this case, ensuring fair protection of Plaintiffs' personal and business interests.

Furthermore, Plaintiffs contend with significant procedural obstacles that have unjustly affected their ability to effectively respond to motions presented by Defendants. Key among these is the denial of access to transcripts from case management conferences, a denial that Plaintiffs argue violates the transparency and procedural justice foundational to the Federal Rules of Civil Procedure, specifically Rule 5(d)(1) which emphasizes the public accessibility of litigation documents unless sealed. Plaintiffs' request for these transcripts on October 15 was crucial for the preparation of a substantiated response; however, the administrative denial on

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

October 17, stating that such transcripts were for "court's own usage for training purposes," effectively deprived Plaintiffs of a fair opportunity to contest the Defendants' claims based on a full and unimpeded record of proceedings. This refusal not only hinders the Plaintiffs' procedural rights, but also appears to infringe upon the principles outlined in the Copyright Act's policy on procedural fairness, thereby potentially violating 5 U.S.C. § 552(a)(1)(E) which mandates that procedural rules affecting public rights be broadly disseminated and easily accessible.

Moreover, the lack of procedural transparency in this instance can be seen as undermining the Due Process Clause of the Fifth Amendment, which guarantees all litigants the right to "due process of law," interpreted by the courts to include fair access to the necessary judicial resources that might influence the outcome of a case. The impediment to accessing these transcripts not only hinders the Plaintiffs' ability to prepare a defense but also infringes upon the foundational principles of equity, as outlined in landmark jurisprudence such as *Goldberg v. Kelly* (397 U.S. 254, 267-271), which underscores the necessity for procedural fairness in all judicial and administrative proceedings.

Given the overwhelming misconduct along with the significant procedural disadvantages imposed on Plaintiffs, this Court must carefully scrutinize the Defendants' present Motion for Attorneys' Fees. Even more, the principles of justice and equity, deeply embedded in the United States legal system, demand a reevaluation of the procedural impartiality imposed on Plaintiffs in these proceedings.

## II.    LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES

Pursuant to 17 U.S.C. § 505, the court retains the discretionary power to award reasonable attorneys' fees to the prevailing party in copyright cases. Although not exclusively a copyright case, that statutory empowerment is nuanced by jurisprudential guidelines which

stipulate that such awards are reserved for "exceptional cases" as explained in the seminal Supreme Court decision, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). This doctrine is further substantiated by reinforcing case law, such as *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013), which clarifies that the determination of an "exceptional case" hinge upon the factual matrix surrounding the litigation, including the reasonableness of the claims and the litigation behavior of the parties.

Under this context, the court must conduct a thorough evaluation to discern whether the Plaintiffs' litigation conduct could be deemed objectively unreasonable, frivolous, or conducted in bad faith, as per the criteria set forth in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), which articulates that attorneys' fees may be awarded against the plaintiff only if the lawsuit is found to be groundless, without foundation, or pursued in bad faith.

Moreover, the court's discretion under section 505 aligns with the policy objectives articulated in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), which broadened the definition of "exceptional cases" under corresponding statutory provisions, thereby influencing interpretations of fee-shifting in copyright litigation. The legal standard set forth mandates that the assessment of such fees should consider the broader legal and equitable principles, ensuring that the award of attorneys' fees serves as both a deterrent to frivolous litigation and as a corrective mechanism to preserve the sanctity of judicial resources.

In applying these standards, courts often refer to the non-exhaustive list of factors established in *Fogerty*, which includes the frivolousness of the litigation, the plaintiff's motivation, the objective unreasonableness of the claims, and the need to advance considerations of compensation and deterrence. Courts may also consider local rules, such as Civil Local Rule 54-5(a), which provides procedural guidelines for filing fee requests, thus ensuring that such

motions are substantiated with detailed evidence and conform to the ethical and procedural standards governing legal practices.

Therefore, in determining whether to award attorneys' fees under 17 U.S.C. § 505, the court must carefully consider the specific facts of this case, including the reasonableness of the Plaintiffs' claims, the Defendants' litigation conduct, and the court's own procedural processes. By applying the relevant legal standards and considering these factors, the court can ensure that attorney's fees are awarded appropriately and that the legal system promotes justice and fairness.

### III.    LEGAL BASIS OPPOSING THE AWARD OF ATTORNEYS' FEES

#### A.  The Merits of Plaintiffs' Copyright Claims

1. **Statutory Foundations Under 17 U.S.C. § 106:** Plaintiffs' claims are grounded in the specific rights granted by 17 U.S.C. § 106 of the Copyright Act. This federal statue provides exclusive rights to copyright owners, including the rights to reproduce, distribute, and publicly perform their works and protect their brand. These rights are not limited by geographic boundaries and extend to interstate commerce. In this case, the Defendants' actions, which infringed upon Plaintiffs' copyrights, had a direct impact on interstate commerce. The Defendants' activities, originating in Florida, reached and severely injured Plaintiffs in California, demonstrating a clear nexus to interstate commerce.

2. **General Principles of Common Law:** In addition to specific statutory provisions; common law principles, such as those related to property rights, unjust enrichment, and equitable remedies can be invoked to support copyright claims including:

a. ***Right to Privacy*:**  a fundamental right recognized in several jurisdictions, including the right to control one's identity, including one's name. This right allows individuals to maintain their chosen identity and avoid confusion or harm caused by unauthorized use of their name.

b. ***Due Process*:** The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution guarantees that the government cannot deprive individuals of life, liberty, or property without due process of law. This includes the right to maintain one's identity and avoid arbitrary government interference.

3. **Judicial Precedents Affirming Plaintiffs' Position:** Plaintiffs' legal standing is strongly supported by decisive precedents, *notably A&M Records, Inc. v. Napster, Inc.*, 239 F. 3d 1004 (9ᵗʰ Cir. 2001), and *Religious Technology Center v. Netcom On-Line Communication Services, Inc.*, 907 F. Supp. 1361 (N.D. Cal 1995). These rulings have been pivotal in defining the framework for copyright enforcement in the digital age, affirming the rights of copyright owners to protect their works from unauthorized use, thereby lending substantial judicial weight to the Plaintiffs' litigation endeavors. In this case, Plaintiffs allege the fraudulent misuse of their name and likeness, specifically, Plaintiff Dartez and Dartez Enterprises LLC in connection with two sub-domains in the Defendants' possession. Plaintiff Latimore, likewise, with claims of fraudulent misuse of her name in a fraudulent contract. These allegations directly align with the principles articulated in these groundbreaking cases which safeguard intellectual property

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

rights and protect individuals and entities from unauthorized use of their identities and creative works, whether registered or otherwise.

**B. Plaintiffs' Litigative Conduct and Intent**

1. **Good Faith Engagement in Litigation:** Plaintiffs approach to litigation has been characterized by a bona fide intent to uphold and defend their copyright interests supported by sound legal advice. This not only demonstrates Plaintiffs' commitment to lawful conduct but also reflects a strategic pursuit based on an informed approach of copyright laws and a legitimate exercise of Plaintiffs' rights.

2. **Absence of Malicious Intent:** There has been no indication of malintent in the Plaintiffs' conduct throughout the proceedings. This action was initiated based on genuine legal concerns regarding a breach of contract, a security breach, forgery and copyright infringement, carried out without any intention to unduly harass or burden the Defendants. Such conduct is in strict adherence to the objectives of the Copyright Act, which is designed to protect intellectual property rights while promoting the public interest.

**C. Procedural Concerns and Misconduct by Defendants' Counsel**

1. **Inappropriate Conduct Post-Dismissal:** The actions of the Defendants' counsel post-dismissal, characterized by unsolicited and repeated communications with the Plaintiffs, especially within a mere two-day time span, suggest a misuse of legal procedures for intimidation rather than for any legitimate legal purpose (ECF 52 at EXHIBIT A-4). These actions, potentially violative of the ethical standards set forth in the American Bar Association's Model of Professional

11

Conduct, particularly Rule 4.4 regarding respect for third persons or opposing parties, reflect a disregard for the procedural decorum expected in legal practices.

2. **Harassment and Attempted Intimidation:** The pattern of communication that followed the case's dismissal consisting of multiple emails, phone calls, and voicemails by the Defendants' own admission (ECF 52 at EXHIBIT A-4), can be construed as an attempt to pressure the Plaintiffs unduly. Even more so, since a motion for leave to file a motion for reconsideration was pending during the harassing period. Such behavior underscores a departure from the conduct expected of legal professionals and highlights a tactical abuse of legal processes to disadvantage the Plaintiffs, further undermining the Defendants' claim for attorneys' fees.

3. **Controversial Handling of Court Documents:** Plaintiffs allege that Defendants and their counsels' continued frivolous activities extend to the controversial handling and submission of documents to this Court, specifically the authenticity of the handwritten date on Attorney Trescot Gear's declaration (Exhibit A) attached with the Defendants' Motion to Dismiss (ECF 35) and the handwriting as seen on Attorney Cole Carlson's Pro Hac Vice application (Exhibit B) submitted to this Court (ECF 27) along with further evidence of Attorney Carlson's signature and handwriting in other legal as seen in Exhibits C.1, C.2, and C.3. Exhibit D demonstrates a side-by-side comparison of the handwriting on those documents, suggesting potential misrepresentation or forgery.

Similar activities can be seen in Exhibit E where, Attorney Carlson received a Paperless Order denying a motion to appear Pro Hac Vice. While the motion lists

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

Cole Carlson as local counsel and was filed by Cole Carlson, the Clerk's records indicated that the motion was actually signed by Stefan V. Stein, who was neither listed as an attorney on the case nor identified as local counsel or movant. This discrepancy raises serious questions about the authenticity and integrity of the filings, suggesting unauthorized or improper actions taken in connection with the filing of documents to this Court.

**D. ECF 39 is Remains Unresolved:** On August 19, 2024, Plaintiffs filed a Second Motion to Compel Defendants to provide a sufficient certificate of interested parties and corporate disclosures (ECF 39). Despite this filing, the Court failed to address the merits of the motion, instead deeming it moot. However, as evidenced by Exhibit F, Defendants themselves sought clarification on the status of ECF 39 on September 17, 2024, further highlighting the unresolved nature of the issue. To date, ECF 39 remains unresolved, leaving significant questions unanswered regarding Defendants' compliance with discovery obligations. This egregious oversight has irreparably harmed Plaintiffs' ability to pursue their case, as the Court dismissed all claims with prejudice, casting doubt on the integrity of these judicial proceedings.

The foregoing analysis and evidence demonstrate that Defendants' Motion for Attorneys' Fees is without merit and frivolous. Plaintiffs pursued this action, in good faith, with claims that were based on a reasonable interpretation of applicable laws surrounding the Defendants' breach of contract, security breach, forgery and copyright infringement. The alleged misconduct by Defendants' counsel, including the questionable handling of court documents and post-dismissal harassment, further undermines their request for attorneys' fees.

## IV.     POLICY AND EQUITABLE CONSIDERATIONS

1. **Enhancing the Doctrine of Copyright Protection:** Under 17 U.S.C. § 101 et seq., the Copyright Act's fundamental intent is to nurture a system that promotes creativity and innovation, in this case personal and business interests, by safeguarding the intellectual property rights of creators. The imposition of attorneys' fees on non-prevailing Plaintiffs risks creating a distressing effect that could deter rightful copyright holders from asserting their claims, thereby disregarding the Act's core purpose of promoting a delicate balance between the protection of creators' rights and public access to innovative works. Such a shift could stifle the free exchange of ideas and creativity that are essential for cultural and technological advancement, counteracting the legislative intent articulated in *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985).

2. **Implications for Access to Justice:** The application of 17 U.S.C. § 505 in awarding attorneys' fees must be meticulously evaluated, especially considering its impact on plaintiffs with limited resources. This statutory provision should not be used to unduly penalize individuals or small entities who exercise their rights to seek judicial redress but ultimately do not prevail. As established in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the equitable doctrine underlying the Copyright Act mandates that fee awards should not favor either party but ensure fairness. Disproportionately impacting less-resourced litigants could exacerbate inequalities, creating a judicial landscape where only well-funded entities can afford to defend their rights, which is antithetical to the democratic principles underlying copyright law.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

3. **Assessment of Defendants' Litigation Tactics:** The Defendants' premature motion for attorneys' fees, combined with a pattern of failing to acknowledge Plaintiffs' procedural submissions, could be viewed as tactical litigation aimed at inflating the costs and stress associated with litigation. This type of litigation behavior could be interpreted under the doctrines of abuse of process and potentially as acts of bad faith litigation, which are distinct under the broader umbrella of tortious actions recognized in jurisdictions across the United States. Courts are tasked with the responsibility to deter such conduct and protect the integrity of the judicial process as per the guidelines established in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), which underscores the court's inherent power to sanction improper conduct.

4. **Strategic Litigation Against Public Participation (SLAPP) Considerations:** Further analysis is required to determine if Defendants' actions constitute a Strategic Litigation Against Public Participation (SLAPP), aimed at discouraging Plaintiffs from pursuing their legitimate rights. Such practices, if established, demand judicial intervention to prevent misuse of the legal system to silence legal opposition. Anti-SLAPP statutes, such as those codified in the State of California under California Civil Code § 425.16 and comparable to the State of Florida's provisions as per Florida Statue § 768.295, provide for the expedited dismissal of suits that are aimed primarily at chilling legitimate legal recourse and could serve as a valuable legal framework in assessing the motives behind Defendants' litigation strategy.

5. **Judicial Discretion in Awarding Attorneys' Fee:** The discretionary nature of awarding attorneys' fees under 17 U.S.C. § 505 requires courts to act with prudence, ensuring that such decisions do not inadvertently endorse or incentivize litigious

15

behaviors that undermine the equitable principles of justice. It is paramount that the judiciary employs a balanced approach, taking into consideration the totality of circumstances surrounding each case to prevent setting a precedent that could deter rightful legal actions under the guise of copyright enforcement.

## V.    ANAYLYSIS OF DEFENDANTS' CLAIM FOR FEES

The assertion by the Defendants that the litigation activities of the Plaintiffs justify the imposition of attorneys' fees pursuant to 17 U.S.C. § 505 requires meticulous legal scrutiny. According to jurisprudence set forth by the Supreme Court, such awards are specifically reserved for "exceptional cases" characterized by frivolous or unjustifiably burdensome litigation, or those marked by improper motives, as defined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

1. **Lack of Frivolity:** Contrary to the Defendants' assertions, the Plaintiffs' actions do not meet the legal threshold for frivolity. Plaintiffs brought forth claims on solid interpretations of the Common Law and the Copyright Act, specifically under the statutory protections of 17 U.S.C. § 106. This legislation affords copyright holders comprehensive rights, including reproduction, distribution, and public performance of their works—rights that Plaintiffs alleged were infringed by the Defendants.

   o **Misrepresentation and Procedural Concerns:** The Defendants' filing have exhibited concerning inconsistencies, particularly in the procedural adherence required for attorney representations as noted in local and federal rules governing pro hac vice applications. These discrepancies not only question the authenticity of the Defendants' legal processes but also hint at possible strategic misconduct aimed at complicating and prolonging the litigation as well as increasing costs to further damage Plaintiffs by Motioning for such

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

fees after a dismissal. Such behavior could be interpreted as an attempt to exhaust Plaintiffs' resources and dissuade them from pursuing valid legal claims, potentially qualifying as abuse under the doctrine of litigation misconduct (see *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991), discussing courts' inherent power to sanction bad-faith conduct).

2. **Insufficient Grounds for Exceptionality**: The Defendants have failed to demonstrate that the Plaintiffs' legal actions possessed the malicious intent or egregiousness required to classify this case as exceptional. The absence of concrete evidence of misconduct aligns with the high bar for exceptionality established in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), which redefined exceptional cases to include not only subjective bad faith but also objectively baseless litigation.

3. **Judicial Discretion and Equitable Considerations:** It is imperative for the judiciary to exercise caution when invoking 17 U.S.C. § 505 to award attorneys' fees. This discretion, when applied, must reflect a comprehensive consideration of the litigation's nature and the broader implications of such fee awards. Arbitrarily imposing financial liabilities on losing parties, particularly those who litigate in good faith, could severely impede access to justice and stifle the enforcement of copyright laws designed to support creators and their intellectual property.

In summary, the Defendants' motion for attorneys' fees lacks sufficient legal basis under the rigorous standards established by 17 U.S.C. § 505 and supported by seminal cases. The Plaintiffs' conduct throughout litigation, substantiated by a reasonable application of copyright statutes and supported by relevant legal precedents, underscores that their case was neither

17

frivolous nor exceptional in a legal sense. Hence, the imposition of attorneys' fees would not only be unwarranted but also antithetical to the principles of justice and fairness central to copyright laws. The Court should therefore deny the Defendants' request for such fees, ensuring that the Copyright Act's protective and equitable goals are upheld.

## VI.    <u>LEGAL PRECEDENTS SUPPORTING DENIAL OF FEES</u>

The adjudication of attorneys' fees under 17 U.S.C. § 505 is deeply entrenched in a fabric of jurisprudence that mandates a meticulous and principled approach to fee awards. These awards are explicitly reserved for cases classified judicially as "exceptional," a classification that demands a case to distinctly stand out from typical litigation due to its frivolous nature, unreasonable conduct, or the litigant's improper motivations, as interpreted by landmark decisions including *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

1. **Christian Research Institute v. Alnor:** The Ninth Circuit's determination in *Christian Research Institute v. Alnor*, 573 F.3d 884 (9th Cir. 2009), underscores that attorneys' fees should not automatically be imposed against a plaintiff whose litigation, while ultimately unsuccessful, was neither frivolous nor lacking a reasonable basis in law. This decision reinforces the judicial emphasis on substantive legal assessment over mere procedural outcomes.

2. **Objective Reasonableness:** The decision in *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904 (9th Cir. 2010), illuminates the criterion of objective reasonableness. This legal precedent articulates that a thorough evaluation of the plaintiff's litigation merit and conduct is imperative. It dictates that exceptional cases involve more than an unsuccessful outcome; they must fundamentally lack a reasonable interpretation of the law or a solid factual foundation.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

3. **Fairness and Litigation Conduct:** *In Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006), the courts weighed the implications of imposing financial burdens on litigants who had a reasonable legal basis for their claims. Their decision stresses the importance of fairness in litigation, advocating against punitive financial measures in intellectual property disputes absent clear evidence of unreasonable or bad faith conduct.

4. **Encouragement of Good Faith Litigation:** The seminal ruling *in Fogerty v. Fantasy, Inc*. articulates that the underlying intent of fee awards under the Copyright Act is not punitive but corrective, aimed at deterring baseless litigation while not discouraging valid legal claims. The Supreme Court emphasized that the fee-shifting provision should not act as a deterrent to copyright holders genuinely seeking to enforce their rights.

5. **Incorporating Procedural Context and Defendants' Conduct:**

   o **Analysis of Procedural Failings:** The procedural nuances of this case reveal significant judicial oversights and failures to address pivotal motions which underscore the non-exceptional nature of this litigation. For instance, the dismissal of crucial filings without substantive examination or the improper acknowledgment of procedural submissions points to a systemic failure rather than a frivolous legal approach by the Plaintiffs.

   o **Defendants' Questionable Legal Tactics:** The pattern of conduct exhibited by the Defendants, characterized by premature motions for attorneys' fees and a disregard for procedural fairness, exemplifies tactics that are strategically burdensome rather than legally founded. This behavior not only fails to meet the

19

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

rigorous standards for "exceptional cases" as required for fee awards but also suggests an abuse of the legal system to unduly pressure the Plaintiffs.

These aspects of the case, when considered against the established legal precedents, strongly advocate for the denial of the Defendants' request for attorneys' fees. The detailed examination of the substantive procedural dimensions of this case emphasizes the Plaintiffs' reasonable and good faith engagement in the judicial process, thus warranting the dismissal of the Motion to uphold the integrity and equitable objectives of copyright law enforcement.

## VII.     **PRAYER FOR RELIEF**

Plaintiff Dartez and Plaintiff Latimore individually and jointly submit this Prayer for Relief to this Court, seeking judicial determinations and orders that adhere to statutory directives, uphold principles of equity and justice, and rectify the imbalances caused by Defendants' actions throughout the litigation process. Therefore, Plaintiffs request that this Court grant the following relief:

1.  **Complete Denial of Defendants' Motion for Attorneys' Fees:** Plaintiffs respectfully request that the Court deny Defendants' Motion for Attorneys' Fees in its entirety, pursuant to 17 U.S.C. § 505 and consistent with the judicial standards articulated in the seminal case *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994). The Plaintiffs have demonstrated that their lawsuit was propelled by legitimate legal theories and grounded on substantial legal bases, devoid of frivolity, and did not meet the threshold of "exceptional circumstances" required for the imposition of such fees.

2.  **Equitable Relief:** In furtherance of justice, Plaintiffs seek equitable relief tailored to address the discrepancies encountered in this litigation. Plaintiffs ask the Court to issue protective orders safeguarding their rights in any subsequent legal proceedings

related to or arising from the matters herein. Such relief is sought under the equitable powers of this Court to prevent future prejudicial actions and to ensure fair handling of Plaintiffs' intellectual property rights.

3. **Sanctions for Defendants' Misconduct:** Given the documented instances of Defendants' procedural noncompliance and evidentiary misrepresentations, Plaintiffs request that the Court impose appropriate sanctions on Defendants. This relief is warranted under the Federal Rules of Civil Procedure specifically under Rule 11, which sanctions parties, attorneys, or law firms that submit pleadings for improper purposes or those that lack evidentiary support.

4. **Formal Reevaluation of Defendants' Motions and Submissions:** Plaintiffs urge the Court to reevaluate any prior motions or submissions by the Defendants that were predicated on the misrepresentations or procedural improprieties identified during the course of this litigation. This includes a thorough examination of the Defendants' attorneys' qualifications and the validity of Attorney Cole Carlson's Pro Hac Vice status, especially in light of the inconsistencies presented in his applications and filings.

5. **General Relief:** Plaintiffs request any other relief that the Court deems just and proper, to rectify the legal and procedural injustices experienced by Plaintiff Dartez, Plaintiff Latimore, and Dartez Enterprises LLC, during this litigation, and to uphold the integrity of the judicial process and ensure that justice is served.

Plaintiffs respectfully submit this Prayer for Relief based on the detailed and substantiated merits of this case as presented herein. Plaintiffs entrust, with trust, and in trust, the Court's wisdom to render a just and equitable decision.

## VIII.    <u>CONCLUSION</u>

Plaintiffs respectfully request that this Honorable Court deny the Defendants' Motion for Attorneys' Fees. Although deprived of the opportunity to amend the original Complaint, the evidence present in this case firmly demonstrates that Plaintiffs' claims were well-founded, legitimate, and pursued in good faith, aimed at defending Plaintiffs' intellectual property rights against unauthorized exploitation.

Awarding attorneys' fees in this context would significantly deviate from the stringent legal standards set forth under 17 U.S.C. § 505, which are designed to safeguard litigants from undue penalties in pursuing bona fide copyright claims. To impose such fees would not only be unjust but could also have a chilling effect on future copyright litigation. By imposing unnecessary financial burdens on Plaintiffs, it could deter individuals and businesses from pursing legitimate claims, ultimately harming the interests of both creators and the public.

Therefore, in light of the arguments detailed herein and the legal precedents that support these contentions, Plaintiffs urge the Court to uphold the principles of fair and equitable legal practice by denying the Defendants' request for attorneys' fees. Such a decision will reaffirm the commitment of the judicial system to protect the rights as copyright holders and maintain the integrity of the legal standards governing such cases.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

DATED: November 7, 2024

Respectfully Submitted,

**DARTEZ ENTERPRISES LLC**

By: /s/ *Gary Dartez*
**Gary Dartez, Pro Se**
**Agent for Dartez Enterprises**
1503 Macdonald Ave Suite A101
Richmond, CA 94801
Email: info@dartezenterprises.com
Phone: (510) 906-0444

By: /s/ Tamisha Latimore
**Tamisha Latimore, Pro Se**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES
CASE NO. 24-CV-03132-TLT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of November, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via CM/ECF system notification and electronic transmission via email.

**Cole Carlson**
**CARLSON IP LAW, LLC**
Managing Attorney
(813) 445-5175
Email: cole@carlsoniplaw.com

**Joel Siegal**
**SIEGAL & RICHARDSON, LLP**
(510) 271-6720
Email: joelsiegal@yahoo.com

**Richard Richardson**
**SIEGAL & RICHARDSON, LLP** Managing Attorney
Email: rlr.legal@gmail.com

DATED: November 7, 2024                    By: __/s/ Tamisha Latimore_____

                                                   **Tamisha Latimore**