JOEL SIEGAL [SBN: 117044]
**SIEGAL & RICHARDSON, LLP**
436 14th Street, Suite 1106
Oakland, California 94612
Telephone: (510)271-6720
Facsimile: (510) 500-9512
Email: joelsiegal@yahoo.com

Cole Carlson
FL Bar. No: 112863 (admitted *pro hac vice*)
**Carlson IP Law, LLC**
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email: cole@carlsoniplaw.com

**Attorney for Defendants**
Federal Government Advisors LLC and
FGA Powered by GovConnect, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GARY DARTEZ and TAMISHA LATIMORE, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL GOVERNMENT ADVISORS LLC and FGA POWERED BY GOVCONNECT, LLC, <br><br> Defendants. | Case No. 3:24-cv-03132-TLT <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS FEES** |

## I.   INTRODUCTION

Plaintiffs' response to Defendants' motion was essentially to state that they thought they had a good case. However, Plaintiffs' response is focused on (1) defending their copyright claim with citations to inapplicable case law, (2) wrongfully alleging misconduct by the undersigned, and (3) alleging that the Court wrongfully dismissed the case. None of these are reasons Defendants' motion should be denied.

Notably, Plaintiffs do not respond to Defendants' lodestar calculation thereby waiving any argument against the reasonableness of the rate charged, time spent, or amount requested. For the reasons stated herein, Defendants respectfully request that the Court grant the motion for attorneys' fees.

## II.   ENTITLEMENT

### a.   Plaintiffs Adopt the Copyright Act's Fees Provision

Plaintiffs have now affirmatively stated that their claims were "grounded in the specific rights granted by 17 U.S.C. § 106 of the Copyright Act." (Dkt. 54) at 9. As such, 17 U.S.C. § 505 attaches and entitlement under that provision should be assessed. As explained in the motion, Defendants are clearly entitled to fees based on this provision in the Copyright Act. (Dkt. 52) at 8-9. Given that Plaintiffs apparently agree that the Copyright Act's fees provision control, Defendants are entitled to fees under that provision based on the reasoning provided in the motion which were not effectively overcome in Plaintiffs' response.

### b.   Plaintiffs Cite Case Law Without Further Reasoning

Plaintiffs point to two cases that they allege "strongly support[]" their legal position: *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001), and *Religious Technology Center v. Netcom On-Line Communication Services, Inc.*, 907 F. Supp. 1361 (N.D. Cal 1995). (Dkt. 54) at 10. Reliance on these cases is curious because they support Defendants' position.

First, the *A&M Records* case provides the basic underpinnings of a copyright claim in that there are two requirements for a *prima facie* copyright infringement claim which are (1) a showing of "ownership in the allegedly infringed material" and (2) a demonstration "that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records*, 239 F.3d at 1013. The copyright at issue in the *A&M Records* case involved musical compositions and sound recordings, i.e. protectable works. *Id.* at 1011. As explained in the Defendants' Motion to Dismiss, Plaintiffs did not meet either requirement because there is no copyright protection in a name or signature which means none of the rights under 17 U.S.C. § 106 had been violated. (Dkt. 35) at 16-17.  Furthermore, Plaintiffs fail to explain the relevance of the *A&M Records* case beyond stating that it was "pivotal in defining the framework for copyright enforcement in the digital age" with no further explanation as to its application in the present case. (Dkt. 54) at 10.

What has been said about the *A&M Records* case is also true about the *Religious Technology Center* case. No explanation as to the relevance to the present case is provided. In *Religious Tech. Center*, a copyright claim was brought over the use of published and unpublished works of the author L. Ron Hubbard on an online chat forum. 907 F. Supp. at 1365. Much like in *A&M Records*, the works at issue in *Religious Tech. Center* were protectable works under the Copyright Act. Here, on the other hand, Plaintiffs' allegations of copyright infringement were based on a signature that was clearly unprotectable under the Copyright Act.

The only case remotely on point is *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), which only discusses the standard for awarding fees in copyright cases and has no other relevance to the present case. Plaintiffs also cite to the wrong *Kirtsaeng* decision in their brief. (Dkt. 54) at 8 (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013), which provides that the first sale doctrine applies to a copyrighted work lawfully made abroad); *see Kirtsaeng v. John Wiley*

*& Sons, Inc.*, 579 U.S. 197 (2016) (discussing application of the Copyright Act's fees provision). In fact, the 2016 *Kirtsaeng* decision explicitly calls out "overaggressive assertions of copyright claims" as one of the reasons to grant fees. 579 U.S. at 209. From Defendants' point of view, Plaintiffs' actions constitute an overaggressive assertion of copyright protection such that granting fees would be appropriate.

Because Plaintiffs have failed to properly rebut Defendants' basis for fees, it is respectfully urged that the Motion for Attorneys' Fees be granted.

**c.  Plaintiffs Were Willfully Blind to the Copyright Act's Basic Protections**

On multiple occasions Plaintiffs were advised to seek <u>free</u> legal assistance from the Legal Help Center. They chose not to. Has they chosen to take advantage of this program, Plaintiffs would have found that their copyright claim was frivolous and had no basis in the law. Instead, Plaintiffs chose to charge forward, doubling down on their claim in the response to this motion. At every stage of this case, Plaintiffs were met with resistance and loss.

Plaintiffs cite to caselaw to support its position that fees should not be awarded due to lack of frivolity or unreasonableness. (Dkt. 54) at 18-19. However, each of the cited cases purportedly elaborate on the standard that a case must be based on a reasonable interpretation and foundation of law for fees in order for the motion to be denied. *Id.*[1] Here, the basis for the infringement claim was unreasonable and Plaintiffs would have been aware of that fact had they used the resources provided to them by this Court.

---

[1] *Christian Research Institute v. Alnor* is not found at 573 F.3d 884 but at 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866 (2008), and does not stand for the basis explained in the motion. Likewise, *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904 (9th Cir. 2010), while having a correct citation, is not about attorneys' fees but rather about the imposition of an injunction in a copyright case. Finally, *Roth v. Green* is not about "advocating against punitive financial measures in intellectual property disputes," (Dkt. 54) at 19, but is instead a civil rights violation case discussing the imposition of sanctions against an attorney. Plaintiffs may have been more aware of these issues had they used the Legal Help Center.

### d. **Plaintiffs Did Not Address Lack of Burden**

Of particular note is Plaintiffs' failure to address the inconsistencies in Plaintiff Latimore's *in forma pauperis* application. (Dkt. 52) at 12-13. The only mention of "burden" in Plaintiffs' response concerns imposing financial burdens on litigants who have a reasonable basis for their claims; there is no discussion on the individual burden that might be imposed on the Plaintiffs in this case if Defendants' motion was granted. As such, a logical conclusion is that Plaintiffs would not be financially burdened by granting Defendants' fees application.

## III.    **PROCEDURAL ISSUES**

### a. **Timing of the Motion for Attorneys' Fees**

Plaintiffs complain about Defendants' "litigation tactics" in bringing a "premature motion for attorneys' fees" and "unsolicited and repeated communications." (Dkt. 54) at 11-12, 15. However, Defendants were bound by the Federal Rules of Civil Procedure and this Court's local rules concerning procedure.

Federal Rule of Civil Procedure 54(d) requires that a motion for attorneys' fees be filed "no later than 14 days after entry of judgment." Furthermore, Local Rule 54-5 requires filing the motion within 14 days of entry of judgment. Local Rule 54-5(a) likewise requires conference between counsel, or the parties if one side is acting *pro se*, before making the motion. In addition, Local Rule 54-5(b) requires certification that counsel met and conferred "for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held."

Defendants, in an effort to discuss the forthcoming motion with Plaintiffs, attempted to email and call them multiple times in the days before the motion was due. (Dkt. 52) at Ex. A-4. This was not an "attempt to pressure the Plaintiffs unduly," (Dkt. 54) at 12, but instead a good

faith effort to discuss the status of the case and the amount that Defendants would be seeking with its motion.

### b. Other Procedural Issues

#### i. ECF 39 Has Been Resolved

Plaintiffs allege that ECF No. 39, Plaintiffs' Motion to Compel Defendants to Disclose Interested Parties and Corporate Disclosures, is still pending. It is not. The Court mooted that motion in the scheduling order. *See* (Dkt. 42) at 2.

#### ii. "Controversial Handling of Court Documents"

Plaintiffs appear to allege some sort of impropriety in the handling of the Mr. Carlson's *pro hac vice* motion. (Dkt. 54) at 12-13. Defendants believe that Plaintiffs are alluding to the possibility that Mr. Gear, Defendants' local business attorney and registered agent who is not attorney of record in this case, filled out and signed the *pro hac vice* motion given the comparison of his signature to that on the *pro hac vice* application. However, the facts are much simpler. Mr. Carlson engaged the undersigned to act as local counsel who filled out Mr. Carlson's *pro hac vice* application with Mr. Carlson's information, dated it, and applied Mr. Carlson's digital signature with his permission. No nefarious or devious actions were being performed here. And reference to a *pro hac vice* application in an unrelated case that was later accepted is irrelevant. *See Loria Pharmaceutical, LLC et al v. Mezzancello et al*, Case No. 9:24-cv-80198-AMC, at (Dkts. 24-26).

#### iii. SLAPP

Plaintiffs claim that further analysis is needed to determine "if Defendants' actions constitute a Strategic Litigation Against Public Participation (SLAPP)." (Dkt. 54) at 15. Such analysis is not necessary. California's Anti-SLAPP statute is specifically for causes of action, not motions for attorneys' fees. *See* Cal. Civ. Proc. Code § 425.16(b)(1) ("A cause of action against a person arising from any act of that person . . . shall be subject to a special motion to strike")

(emphasis added). This statute is meant specifically for complaints and related petitions, not motion practice. As such, this line of argument is irrelevant and unavailing.

### iv.  Due Process

Plaintiffs were provided with Due Process under the Fifth and Fourteenth Amendments. They had access to the rules and procedures of this Court and were guided to free legal assistance from the Legal Help Center. Plaintiffs chose not to avail themselves of that assistance and it resulted in a dismissal with prejudice. Further, Plaintiffs' complaint that they did not have access to the case management hearing transcript has no bearing on this motion given Plaintiffs' lack of explanation as to its relevancy;[2] Plaintiffs cannot now cry foul that they were denied due process in an attempt to avoid liability.

## IV.    LODESTAR CALCULATION

Plaintiffs do not address the lodestar or post-judgment interest arguments in Defendants' motion at all, instead focusing on policy and equitable consideration arguments. As a result, Defendants' arguments have not been rebutted concerning the reasonableness of the amount requested. As a result, Defendants' respectfully request that the total amount sought be granted by this Court.

## V.    CONCLUSION

For the reasons stated above, it is respectfully requested that Defendants' motion for attorneys' fees be granted.

---

[2] This is the first Defendants are hearing of Plaintiffs' *ex parte* request.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS FEES
CASE NO. 3:24-cv-03132-TLT

DATED: November 13, 2024          **SIEGAL & RICHARDSON, LLP**

By: _____
        Joel Siegal
        **Attorney for Defendants**

Additional counsel:
Cole Carlson
FL Bar. No: 112863 (admitted *pro hac vice*)
**Carlson IP Law, LLC**
503 E Jackson Street
Suite 901
Tampa, FL 33602
Telephone: (813) 445-5175
Email: cole@carlsoniplaw.com

### CERTIFICATE OF SERVICE

I certify that on November 12, 2024, I electronically filed the foregoing REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

Dated: November 13, 2024          By: /s/ Cole Carlson
                                              Cole Carlson