UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DARTEZ, et al., | Case No. 24-cv-03132-TLT |
| Plaintiffs, | |
| v. | **ORDER GRANTING AS MODIFIED MOTION FOR ATTORNEYS' FEES** |
| FEDERAL GOVERNMENT ADVISORS LLC, et al., | Re: Dkt. No. 52 |
| Defendants. | |

On May 23, 2024, *pro se* Plaintiffs Gary Dartez and Tamisha Latimore filed a complaint alleging multiple causes of action including copyright infringement of Plaintiff Latimore's name against Defendants Federal Government Advisors, LLC and FGA Powered by GovConnect, LLC ("Defendants"). ECF 1. On October 11, 2024, the Court granted Defendants' motion to dismiss all claims with prejudice after Plaintiffs failed to file an opposition even after given the opportunity to do so after the filing deadline. ECF 50.

Before the Court is Defendant's motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and 17 U.S.C. § 505. ECF 52. The Court found this matter appropriate for resolution without oral argument and took it under submission. ECF 56; *see* L.R. 7(1)(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

After review of parties' arguments, the Court **GRANTS AS MODIFIED** the motion for attorneys' fees. The Court awards Defendants a total amount in attorneys' fees of **$3,600.00** to be paid to Carlson IP Law. Plaintiffs Gary Dartez and Tamisha Latimore are **ORDERED TO TENDER PAYMENT** of this sum in over four monthly installments of $900.00. The first

United States District Court
Northern District of California

payment due on March 15, 2025, the second payment due on April 15, 2025, the third payment due on May 15, 2025, and the final payment due on June 15, 2025.

## I.    BACKGROUND

This action stems from a contract dispute between Plaintiffs Gary Dartez and Tamisha Latimore and Defendants Federal Government Advisors, LLC and FGA Powered by GovConnect, LLC.  Plaintiffs and Defendants entered into an agreement on February 29, 2024, after a services agreement (the "Services Agreement") was entered into by the payment of $6,500.00 and electronic signature of Plaintiff Latimore who is an investor in Plaintiff Dartez's business.  ECF 1 ("Compl."), ¶ 47.  For a few months, Plaintiff Dartez worked with Defendants in accordance with the terms of the agreement.  *Id.* ¶¶ 21–30.  However, on April 16, 2024, Plaintiff Dartez emailed the Defendants demanding a refund on April 16, 2024.  *Id.*

On May 23, 2024, Plaintiffs filed a complaint against Defendants alleging (1) breach of contract in violation of Cal. Civil Code § 1572, (2) breach of data in violation of Cal. Civ. Code § 1798.82(a), (3) forgery in violation of Cal. Penal Code § 470(a), and (4) forgery of copyrighted property in violation of Cal. Penal Code § 470(d).  *Id.* ¶¶ 64–78.

On August 8, 2024, Defendants filed a motion to dismiss for improper venue, insufficient process, and failure to state a claim or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404.  ECF 35.  In response, Plaintiffs erroneously filed a second motion to compel certification of interested parties and corporate disclosures.  ECF 39; *see* ECF 49, at 1 ("Plaintiffs mistakenly submitted a Motion to Compel Defendants to disclose interested parties and corporate disclosure statements").  The Court mooted Plaintiffs' erroneously filed motion as Defendants had already provided a Certificate of Interest Entities.  ECF 34 (Defendants' Certificate of Interested Entities), 42 (mooting Plaintiffs' motion in Case Management Order).

Plaintiffs did not file an opposition to the motion to dismiss, which was due on August 22, 2024.  *See* L.R. 7-3(a).  On October 8, 2024, the Court issued an order to show cause for Plaintiffs' failure to file an opposition.  ECF 48.  The Court permitted Plaintiffs to file an opposition by October 10, 2024 (49 days after the original response was due) or a response

explaining why the opposition was not timely field. *Id.* at 1. Plaintiffs did not file an opposition and did not provide good cause for their failure to file. ECF 49, 50.

The Court granted Defendants' motion to dismiss on all claims with prejudice. ECF 50. The Court subsequently denied Plaintiffs' motion for leave to file motion for reconsideration. ECF 53. Judgment was entered in favor of Defendants. ECF 57. Currently pending is Defendants' motion for attorney's fees pursuant to 17 U.S.C. section 505. ECF 52 ("Mot.). Plaintiffs timely filed an opposition, and Defendants timely filed a reply. ECF 54 ("Opp'n"), 55 ("Reply").

Given Plaintiffs' repeated failure to adhere to Civil Local Rules, the Court has consistently encouraged *pro se* Plaintiffs to seek assistance from the legal help desk. *See* ECF 6 (May 28, 2024), ECF 19 (July 17, 2024), ECF 29 (July 28, 2024), ECF 42 (August 23, 2024), ECF 48 (October 8, 2024), and ECF 53 (November 1, 2024).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that claims for attorney's fees "must be made by motion" and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." An award of attorneys' fees to a prevailing party is proper if (1) authorized by statute or (2) the court finds that the losing party has acted in bad faith. *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983).

A "prevailing party" is the beneficiary of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). "The key inquiry is whether some court action has created a 'material alteration of the legal relationship of the parties.'" *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604). A plaintiff's dismissal of a claim does not automatically "confer prevailing party status upon the defendant," if the defendant remains at risk of plaintiff re-filing the claim. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). However, if a plaintiff is unable to re-file the dismissed claim in federal court, the defendant is the "prevailing party" on that claim. *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003).

3

Under 17 U.S.C. § 505, the court may in its discretion award the prevailing party reasonable attorneys' fees and costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–437 (1983)) (internal quotations omitted). Courts may consider "several non-exclusive [*Fogerty*] factors" in making awards of attorneys' fees to any prevailing party including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, n.19.

The reasonableness of fees is determined using the "lodestar" method, in which the Court multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## III.    DISCUSSION

### A.    Plaintiffs Concede the Applicability of 17 U.S.C. § 505.

As an initial matter, Plaintiffs bring a claim for forgery of copyrighted property under California Penal Code § 470(d). Compl. ¶¶ 77–78. Plaintiffs bring their claim based on Plaintiff Latimore's given name "Tamisha Latimore" and her initials in correspondence received by Defendants. However, California Penal Code § 470(d) defines the crime of forgery—not copyright infringement. Plaintiffs' complaint does not allege (1) ownership of a valid copyright and (2) the copying of protectable expression by the defendant. *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). Thus, it is unclear whether Plaintiffs are alleging copyright infringement or restating their forgery claim.

Plaintiffs' opposition sheds little light on their claim, as Plaintiffs spend much of their opposition arguing issues unrelated to the instant motion and citing largely inapplicable cases. However, Plaintiffs argue that their "claims are grounded in the specific rights granted by 17

4

U.S.C. § 106 of the Copyright Act." Opp'n at 9. Thus, Plaintiffs concede that 17 U.S.C. § 505 applies.

### B.    Defendants Are the Prevailing Party.

The Court granted Defendants' motion to dismiss all of Plaintiffs' claims with prejudice after Plaintiffs failed to file an opposition. ECF 50. Because Plaintiffs are unable to refile their claims in federal court, Defendants are the prevailing party in this action. *See Miles*, 320 F.3d at 989. Accordingly, judgment was entered in favor of Defendants. ECF 57. This disposition is a "material alteration in the legal relationship of the parties." *Miles*, 320 F.3d at 989.

### C.    The Court Exercises its Discretion to Award Attorney's Fees.

Defendants urge the Court to award it attorney's fees by addressing each of the factors outlined by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Defendants argue Plaintiffs' copyright claim was frivolous because 37 C.F.R. § 202.1 is very clear that "[w]ords and short phrases such as names, titles, and slogans" are not eligible for copyright protection. Defendants also argue Plaintiffs were not motivated to protect some artistic endeavor. Rather, Plaintiffs sought a "payday" as evidenced by invoices sent to Defendants for $1 million and $1.5 million for a contract dispute of no more than $6,500.00. ECF 35-1, at 27–33. Defendants contend Plaintiffs' copyright claim was objectively unreasonable, as the claim asserts protection over a person's name, and urge the Court to award attorney's fees to deter Plaintiffs' from bringing future unreasonable claims.

In response, Plaintiffs do not address Defendants' arguments. Instead, Plaintiffs spend most of their motion accusing Defendants of procedural misconduct and cite largely inapplicable caselaw.

The *Fogerty* factors act as a non-exhaustive guide. *Fogerty*, 510 U.S. at 534, n.19. The Court has the discretion award the prevailing party reasonable attorneys' fees and costs. The Court acknowledges Plaintiffs' *pro se* status. Plaintiffs were referred to the legal help desk throughout the litigation. *See* ECF 6 (May 28, 2024), ECF 19 (July 17, 2024), ECF 29 (July 28, 2024), ECF 42 (August 23, 2024), ECF 48 (October 8, 2024), and ECF 53 (November 1, 2024). Despite these repeated referrals, Plaintiffs failed to adhere to Local Rules. The *Fogerty* factors

weigh in favor of awarding attorneys' fees. The Court will exercise its discretion to award attorneys' fees.

### D.    The Requested Attorneys' Fees for Carlson IP Law are Reasonable.

Defendants argue they are entitled to $10,940.00 in attorneys' fees. Defendants provided a declaration from Cole Carlson, Esq. (the "Carlson Decl.") to demonstrate the reasonableness of Defendants' claimed number of hours worked on in this case. ECF 52-1. Plaintiffs do not oppose the reasonableness of the Defendants' requested fees.

The total amount of requested fees being requested for work performed by Carlson IP Law is $8,940.00. *See* ECF 52-1 at Ex. A-1. Carlson IP Law's billing statements include dates of activity, the description of activity, time spent, and amount billed. *Id.*

Given the experience of Defendants' counsel and the hourly rates in the community, the Court finds Cole Carlson's $300.00 hourly rate to be reasonable. *Id.*

Defendants' counsel attests to 29.8 hours spent on litigation. *Id.* Of those hours, Defendants' claim 12.0 hours were spent in preparing and filing a motion to dismiss. *Id.* All other hours were spent on correspondence, preparing case management, preparing for discovery, and drafting the instant motion. *Id.*

The Court hesitates to exercise its discretion to award attorneys' fees based on Defendants' claimed hours. There was limited activity in this case, as the case mostly involved the filing of one motion to dismiss. After reviewing Defendants' billing statements, the Court finds 12 hours to be the reasonable number of hours spent on the motion to dismiss. Because of the limited filings in this case, the Court finds that attorneys' fees of $3,600.00 is reasonable.

Defendants assert they also paid Siegal & Richardson $2,000.00 to represent Defendants as local counsel. Carlson Decl. ¶ 16. However, Defendants fail to provide any supporting billing statement for Siegal & Richardson. It is unclear what work Siegal & Richardson performed. Because Defendants have not provided adequate support for their requested Siegal & Richardson attorneys' fees, the Court cannot assess the reasonableness of the attorney fees requested for Siegal & Richardson. Thus, the Court declines to exercise its discretion to award Defendants' $2,000 for fees paid to Siegal & Richardson.

United States District Court
Northern District of California

United States District Court
Northern District of California

Accordingly, the Court finds the amount of $3,600.00 in attorneys' fees for Carlson IP Law to be reasonable.

**IV.    CONCLUSION**

After review and consideration of the motion and briefings, and for the reasons stated above, the Court **GRANTS AS MODIFIED** Defendants' motion for attorneys' fees.  The Court awards Defendants Federal Government Advisors, LLC and FGA Powered by GovConnect, LLC a total amount in attorneys' fees of **$3,600.00** to be paid to Carlson IP Law.

Plaintiffs Gary Dartez and Tamisha Latimore are **ORDERED TO TENDER PAYMENT** to this sum in over four monthly installments of **$900.00** with each Plaintiff paying **$450.00** each month.  The first payment due on **March 15, 2025**, the second payment due on **April 15, 2025**, the third payment due on **May 15, 2025**, and the final payment due on **June 15, 2025**.

Carlson IP Law will provide a billing statement along with the address or method by which payments may be mailed.

This Order resolves ECF 52.

**IT IS SO ORDERED.**

Dated: January 10, 2025

_____
TRINA L. THOMPSON
United States District Judge

7