United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY DARTEZ, et al.,

          Plaintiffs,

    v.

FEDERAL GOVERNMENT ADVISORS
LLC, et al.,

          Defendants.

Case No. 24-cv-03132-TLT

**ORDER GRANTING MOTION FOR CIVIL CONTEMPT**

Re: ECF 59

This action is a cautionary illustration of the issues *pro se* plaintiffs may face if they fail to adhere to court orders, the Civil Local Rules, and the Federal Rules of Civil Procedure. Despite the Court referring *pro se* Plaintiffs Gary Dartez and Tamisha Latimore to the help desk six times, *see* ECF 6 (May 28, 2024), ECF 19 (July 17, 2024), ECF 29 (July 28, 2024), ECF 42 (August 23, 2024), ECF 48 (October 8, 2024), ECF 53 (November 1, 2024), Plaintiffs now find themselves faced with a motion for civil contempt. ECF 59.

Before the Court is Federal Government Advisors LLC and FGA Powered by GovConnect LLC (collectively, "Defendants")'s motion for civil contempt for failure to comply with the Court's order to tender payment for attorney's fees. ECF 59. The Court finds this matter appropriate for resolution without oral argument and takes it under submission. *See* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

After review and consideration of the motions, briefings, attachments and exhibits thereto, the Court **GRANTS** the motion for civil contempt. The Court **FINDS** Gary Dartez and Tamisha Latimore in **CIVIL CONTEMPT** for their ongoing failure to pay the $3,600.00 attorneys' fees.

Gary Dartez and Tamisha Latimore are **ORDERED TO TENDER PAYMENT** for the full sum of $3,600.00 by **June 20, 2025**.

## I.   BACKGROUND

On May 23, 2024, Plaintiffs filed a complaint against Defendants alleging (1) breach of contract in violation of Cal. Civil Code § 1572, (2) breach of data in violation of Cal. Civ. Code § 1798.82(a), (3) forgery in violation of Cal. Penal Code § 470(a), and (4) forgery of copyrighted property in violation of Cal. Penal Code § 470(d).  ECF 1, ¶¶ 64–78.

On October 11, 2024, the Court granted Defendants' motion to dismiss all claims with prejudice after Plaintiffs failed to file an opposition.  ECF 50.  Plaintiffs failed to file an opposition even after the Court issued an order to show cause and provided an opportunity to file an opposition 49 days after the original opposition was due.  ECF 48.  On January 8, 2025, the Court entered judgment in favor of Defendants and against Plaintiffs.  ECF 57.

On January 10, 2025, the Court granted Defendants' motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and 17 U.S.C. § 505.[1]  ECF 58.  The Court awarded total amount in attorneys' fees of $3,600.00 to be paid to Carlson IP Law.  *Id.* at 7.  The Court ordered Plaintiffs to tender payment in four monthly installments of $900.00 with each Plaintiff paying $450.00 each month.  *Id.*  The first payment was due on March 15, 2025, the second payment was due on April 15, 2025, the third payment was due on May 15, 2025, and the final payment was due on June 15, 2025.  *Id.*

On March 5, 2025, Defendants provided Plaintiffs the Court's order, wire instructions, and a billing statement as ordered by the Court.  ECF 59-1, Ex. A-1.  On March 14, 2025, Plaintiffs responded with confirmation of Defendants' email.  *Id.*  Defendants asked whether Plaintiff would be complying with the Court's payment schedule.  *Id.*  Plaintiffs did not respond and failed pay the first installment on March 15, 2025.  ECF 59-1, Ex. A-2.

On April 7, 2025, Defendants notified Plaintiffs of their intent to file the instant motion.  *Id.*  In response, Plaintiffs declined to adhere to the Court order, stating that they intended to

---

[1] Plaintiffs conceded applicability of 17 U.S.C. § 505 by arguing that their "claims are grounded in the specific rights granted by 17 U.S.C. § 106 of the Copyright Act."  ECF 58, at 4–5.

United States District Court
Northern District of California

challenge it on its merits. *Id.* Plaintiffs had 30 days to file an appeal from the entry of judgment or the order granting attorney's fees. Fed. R. App. P. 4(a)(1)(A). Plaintiffs have yet to file an appeal.

On April 9, 2025, Defendants filed a motion for civil contempt for failure to comply with the Court's order to tender payment. ECF 59. Plaintiffs timely filed an opposition, ECF 60, and Defendants timely filed a reply, ECF 62.

## II.   LEGAL STANDARD

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citation and quotation marks omitted). A court may wield its civil contempt powers for two separate and independent purposes: (1) "to coerce the defendant into compliance with the court's order"; and (2) "to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citation omitted).

"The standard for finding a party in civil contempt is well settled: 'The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.' " *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). "A court has wide latitude in deciding whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).

## III.   DISCUSSION

Defendants seek an order finding Plaintiffs in civil contempt. ECF 59. Plaintiffs oppose the motion but spend much of their opposition re-litigating issues to the dismissed case and presenting arguments unrelated to the motion for civil contempt. *See* ECF 60. The Court will first

United States District Court
Northern District of California

3

determine whether Plaintiff are in civil contempt.  The Court will then determine whether any contempt sanctions are warranted.

### A.    Civil Contempt

Here, a valid court order exists.  ECF 58.  Plaintiffs concede that they were aware of the court order. *See* ECF 60, at 7 (". . . Plaintiffs were aware of the order . . .").  Plaintiffs did not pay the attorneys' fees in accordance with the pay schedule.  *See* ECF 59-1, Ex. A-2 (Plaintiffs declining to adhere to court order).  It is undisputed that Plaintiffs disobeyed a specific and definite court order, and the Court finds they did not take all reasonable steps within their power to comply.

Even when all requirements for contempt are met, "[a] party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999); *see also United States v. Bryan*, 339 U.S. 323, 330–331 (1950).  However, the burden is on the party against whom contempt is sought to show "categorically and in detail" why the party is unable to pay. *NLRB v. Trans Ocean Exp. Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973); *see also Cutting v. Van Fleet*, 252 F. 100, 102 (9th Cir. 1918) ("[T]he inability to pay must clearly appear.").  Plaintiffs make no attempt to meet this burden.  *See* ECF 60, at 6–7.  Plaintiffs argue that they are in the process of challenging the underlying judgment on legal and factual grounds. *Id.* at 7.  However, no appeal has been filed.

The Court finds that Plaintiffs Gary Dartez and Tamisha Latimore are in civil contempt of Court for their ongoing failure to pay the $3,600.00 in attorney's fees.

### B.    Contempt Sanctions

The Court now considers the proper contempt sanction.  Defendants request the following contempt sanctions: (1) an order finding Plaintiffs in civil contempt; (2) an order directing Plaintiffs to immediately pay the outstanding attorney's fees; (3) imposition of coercive sanctions, including daily monetary fines of $100, and if necessary, incarceration; and (4) additional attorney's fees incurred in bringing the instant motion.  ECF 59, at 4.

As to the requested daily $100 fine, the Ninth Circuit has held that a "per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" is a

4

"paradigmatic civil contempt sanction[ ]." *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999); *NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999) (describing per diem fines as a method of "coercing future compliance" with court orders). However, the Ninth Circuit has held that "a district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *United States v. Alfredofllores*, 628 F.2d 521, 527 (9th Cir. 1980) (internal quotation marks omitted). In the context of this action, the Court does not find the $100 daily monetary to be proper and proportional in coercing *pro se* Plaintiffs to comply. *See* ECF 9 (denying Plaintiff Dartez's application to proceed in forma pauperis); ECF 10 (granting Plaintiff Latimore's application to proceed in forma pauperis).

As for the request for incarceration, "[w]hen a defendant has failed to pay previous contempt sanctions, a district court may order the defendant to be imprisoned." *Sec. & Exch. Comm'n v. Red Rock Secured, LLC*, No. 2:23-CV-03682-RGK-PVC, 2025 WL 1421271, at *1 (C.D. Cal. Apr. 29, 2025). In such cases, imprisonment is "not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do." *United States v. Yates*, 107 F. Supp. 412, 414 (S.D. Cal. 1952). If a defendant is imprisoned, the defendant can end the sentence by doing what the court initially required of him or her. *Id.* Essentially, the defendant "carries the keys of his prison in his own pocket." *Id.* Here, the Court finds that incarceration is not proper and proportional in coercing *pro se* Plaintiffs to comply.

Finally, for the request for additional attorney's fees, Defendants have not submitted adequate support for their requested attorney's fees. The Court cannot assess the reasonableness of the attorney's fees. Thus, the Court declines to exercise its discretion to award additional attorney's fees.

Here, in light Plaintiffs' *pro se* status and Plaintiff Latimore's *in forma paupris* application, the Court finds that the only appropriate contempt sanction is an order finding *pro se* Plaintiffs in civil contempt and an order to pay the full amount of $3,600.00 by June 20, 2025.

If Plaintiffs fail to pay the full amount by the June 20, 2025, Defendants are not without an avenue for relief. Defendants may file a proposed abstract of judgment, allowing for the creation

of a judgment lien on Plaintiffs' property, or a proposed writ of execution pursuant to Federal Rule of Civil Procedure 69(a)(1).

**IV.    CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendants' motion for civil contempt. The Court **FINDS** Gary Dartez and Tamisha Latimore in **CIVIL CONTEMPT** for their ongoing failure to pay the $3,600.00 attorneys' fees.  Gary Dartez and Tamisha Latimore are **ORDERED TO TENDER PAYMENT** for the full sum of $3,600.00 by **June 20, 2025**.

This Order resolves ECF 59.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California