UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY DARTEZ, et al.,

           Plaintiffs,

    v.

FEDERAL GOVERNMENT ADVISORS LLC, et al.,

           Defendants.

Case No. 24-cv-03132-TLT

**ORDER DENYING MOTION TO STAY**

Re: ECF 66

On June 20, 2025, Plaintiffs Gary Dartez and Tamisha Latimore filed a motion to stay enforcement of an order finding Plaintiffs in civil contempt and ordering Plaintiffs to pay $3,600.00 in attorneys' fees while Plaintiffs appealed several of the Court's orders. ECF 66. Defendants Federal Government Advisors LLC and FGA Powered by GovConnect LLC did not file an opposition. The Court finds this matter appropriate for resolution without oral argument and takes it under submission. *See* Civ. L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to grant a stay "is an exercise of discretion" rather than "a matter or right, even if irreparable injury would result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

The Court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

United States District Court
Northern District of California

absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Lieva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). While "[t]he first two factors are the most critical," *Nken*, 557 U.S. at 434, all four factors are considered under the flexible "sliding scale approach" endorsed by the Ninth Circuit. *Lieva–Perez*, 640 F.3d at 964–66. The Court will address each factor in turn.

Here, Plaintiffs have not shown a strong likelihood of success. As an initial matter, Plaintiffs appeal Order regarding Failure to Comply, ECF 50; Judgment Order, ECF 51; Order Granting as Modified Motion for Attorney's Fees, ECF 57; and Order Granting Motion for Civil Contempt, ECF 64. Plaintiffs must file "the notice of appeal . . . with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, Plaintiffs failed to timely file an appeal for all but the Order Granting Motion for Civil Contempt. *See United States v. Washington*, No. C70-9213RSM, 2013 WL 6328825, at *7 (W.D. Wash. Dec. 5, 2013) (finding likelihood of success to weigh against stay in part because Plaintiff's appeal was time-barred). Even if Plaintiffs did file a timely appeal, they fail to address how they are likely to prevail when they did not file an opposition to Defendant's motion to dismiss. ECF 50. In their motion, Plaintiffs do not address likelihood of success regarding the Order Granting Motion for Civil Contempt. *See* ECF 66, at 6–7. Plaintiffs have not fulfilled their burden in establishing strong likelihood of success.

Turning to irreparable harm, Plaintiffs argue that they face financial harm, reputational injury, misuse of private data, and the continuing impact of a concealed data breach. ECF 66, at 7. However, because only the Order Granting Motion for Civil Contempt is appealable, Plaintiffs only face monetary injury by being ordered to pay attorneys' fees. Plaintiffs concede this by later arguing that only "monetary relief" is at issue. *See* ECF 66, at 7. However, "monetary injury is not normally considered irreparable." *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019) (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)). Monetary loss may be irreparable if the money cannot be recouped, *see California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018), but that issue does not exist here. Accordingly, Plaintiffs have not established irreparable harm.

Plaintiffs next argue that there will be little prejudice to Defendants because the stay will only delay the attorneys' fees Defendants are entitled to.  ECF 66, at 7.  The Court ordered Plaintiffs to pay attorneys' fees on January 10, 2025.  ECF 58.  After failing to pay attorneys' fees and a finding of civil contempt, six months later, Plaintiffs now ask for further delay of Defendant's attorneys' fees, arguing that there will be little prejudice.  The Court does not find this argument to be persuasive.  Prejudice to the parties weighs against stay.

Finally, Plaintiffs argue that "the public has a strong interest in ensuring that enforcement is based on valid, lawful proceedings."  ECF 66, at 7.  Plaintiffs do not address this factor regarding the Order Granting Motion for Civil Contempt.  Accordingly, Plaintiffs have not established public interest.

For the reasons stated above, Plaintiffs motion to stay enforcement is **DENIED**.  If Plaintiffs continue to disregard the Court's orders, Defendants are not without remedy to collect on attorneys' fees.  *See* ECF 64, at 5–6.

This Order resolves ECF 66.

**IT IS SO ORDERED.**

Dated: July 18, 2025

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California